### COWAN *vs.* HARPER.

1. A plea to an action on a note, payable in specific articles, that the defendant was prepared on the maturity of the note, to deliver *part* of the articles, is bad, on demurrer; but where the plaintiff takes *issue* on such plea, and its averment is proved, the issue should be found in favor of the defendant.

2. In such case, held, error for the court, in reference to two pleas, to instruct the jury, that the pleas admitted a balance debt, which they should find for the plaintiff.

This was an action, in Lawrence Circuit court, to recover on a promissory note, which stipulated for the payment of three hundred dollars, in shoes.

The defendant plead, *first*, a readiness to pay the note at maturity—*second*, set-off, and, *third*, that at the maturity of the note, he was ready to discharge the note to the amount of two hundred dollars.— The plaintiff having taken issue on this plea, it was asked of the court, to charge the jury, that if the averment were proved, the issue should be found in favor of the defendant; but the court refused, and

charged, that as the first plea admitted the entire amount of the debt, and the last a payment of part, the jury must find the balance for the plaintiff: and he had a verdict.

*Ormond*, for the plaintiff — *Hopkins, contra.*

Lipscomb, C. J.—This action was brought on a promissory note, given by the plaintiff in error to the defendant, for the payment of three hundred dollars, in men's fine shoes, at three dollars and fifty cents per pair.  The defendant plead a readiness to pay, on the day of the maturity of the note; set-off; and a readiness to pay two hundred dollars' worth of the shoes.  The last plea was bad, and would have been so held, on demurrer.  The plaintiff, however, took issue on it.  On the trial two bills of exception were taken : the first as follows—" Be it remembered, that on the trial of this cause, the plaintiff proved, that he applied, on the early part of the day of the 1st January, 1829, for the shoes named in the contract, stated in the declaration ; that the defendant was not present, nor any authorised agent." The defendant then proved an off-set, created prior to the 1st of January, 1829, for eighty-seven dollars, and proved, also, that he had all the shoes, named in the said contract, ready on the day, and at the place described in said contract except twenty or twenty-five pair. The defendant also proved, that he was at home, in the afternoon of the day on which said contract was payable—which was all the evidence in the case :— whereupon, the court charged the jury, that, although the defendant had the whole of the day of payment to discharge the contract in, yet, as the

plaintiff demanded the shoes in the early part of the day, in the absence of the defendant, and they were not delivered; that, that imposed on the defendant, the necessity of shewing, that he was ready and willing to deliver the shoes afterwards, on the day they were payable, which charge was excepted to.

The defendant then moved the court, to instruct the jury, that, if they believed, from the evidence, that the defendant was ready and willing, to deliver two hundred dollars' worth of the said shoes, they must find the issue, on the said plea for the defendant; and, if they believed the defendant had proved his off-set, they must find that also, for the defendant— which instructions the court refused to give; but instructed the jury, that the plea, that the defendant was ready and willing to to deliver two hundred dollars of the shoes, was an admission, that one hundred dollars was due, on the said contract; and that, they must find a hundred dollars to be due, notwithstanding the defendant had proved his readiness and willingness to deliver two hundred dollars' worth of shoes, and his set-off—to which refusal to give the charge, asked for, and to the charge given, the defendant excepted.

We believe there was no error in the charge, contained in the first bill of exceptions: but, in the second, the court certainly erred. It has been before stated, that the plea of a readiness, and willingness, to deliver a part of the shoes was bad; but, in as much as the plaintiff took issue on it; if the defendant proved its truth, the issue ought to have been found in his favor.

The charge of the judge went too far, and was wrong, in the inference of the admission, from the

state of the pleadings. He had no right to couple the two pleas together, and say, that they admitted a balance: each plea stood on its own distinct merits. A defendant may plead, not guilty, and justification, in slander, without admitting, or relieving the plaintiff from the proof of his cause of action. Admitting the facts, stated by the judge, to have been proven, in any aspect of the case, the amount due was a question belonging entirely to the jury to determine.

Let the judgment be reversed, and the cause remanded.